## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| MAYA SPEIGHTS-CARNEGIE, | ) | |
|  | ) | |
| *Plaintiff*, | ) | No.  15 C 3781 |
|  | ) | |
| v. | ) | Judge Virginia M. Kendall |
|  | ) | |
| THE BLACKSTONE CONDO. ASS'N et al., | ) | |
|  | ) | |
| *Defendants*. | ) | |
|  | ) | |

## <u>ORDER</u>

Speights-Carnegie moved the Court to clarify and reconsider its 9/17/2018 order arguing that the Court should bar the defendants from asserting an affirmative defense of bona fide error and requesting that it reset the damages hearing.  (Dkt. 75.)  The Court granted the motion in part on 11/13/2018 (Dkt. 78), resetting the hearing for 3/7/2019, and took the motion under advisement in part to reconsider the affirmative defense issue.

In her motion and in open court, Speights-Carnegie contended that the defendants failed to assert any affirmative defenses in their: (1) answer; (2) discovery responses; and (3) response to Speight-Carnegie's motion for summary judgment.  In fact, the defendants first raised bona fide error on 4/30/2018 in their response to Speight-Carnegie's motions to stay.  (Dkt. 74.)  That was more than a month after this Court entered judgment as a matter of law in Speight-Carnegie's favor—thus terminating the case—on 3/28/2018.  (Dkts. 66–67.)

The defendants failed to appear at the motion hearing on 11/13/2018 and did not respond in writing.  Speights-Carnegie, for her part, explained that she did not originally object to their argument because the defendants mixed it into their response to her motion to set the damages hearing instead of properly moving to add the defense.  (Dkt. 76 ¶ 16.)

"Federal Rule of Civil Procedure 8(c) requires that defendants raise all affirmative defenses that will defeat the allegations in the complaint in a responsive pleading."  *Castro v. Chicago Hous. Auth.*, 360 F.3d 721, 735 (7th Cir. 2004).  Failing to raise defenses in an answer forfeits those defenses.  *See id.* (citations omitted).  For

instance, a defendant forfeits an affirmative defense when she neglects to plead it in her answer and instead raises it for the first time in her response to a plaintiff's motion for summary judgment. *See Venters v. City of Delphi*, 123 F.3d 956, 967–69 (7th Cir. 1997); *see also United States v. Adent*, 821 F.3d 911, 914 (7th Cir. 2016) (holding that the defendants forfeited their affirmative defense when they failed to include it in their answers, their response to the plaintiff's motion for summary judgment, and any motions to amend their answers).

In this case, the defendants did not even include their affirmative defense in their 4/4/2017 response to Speight-Carnegie's motion for summary judgment. (Dkt. 57.) Worse, the defendants waited to raise it for over another year, until they responded to Speight-Carnegie's motions for stay on 4/30/2018. (Dkt. 74.)

True enough, this Court may, though it need not, permit an untimely defense provided that the plaintiff does not suffer prejudice from the delay. *See Glob. Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 731 (7th Cir. 2015). Here, however, Speights-Carnegie would suffer great prejudice from the delay because she never had an opportunity to explore the issue during discovery, and not because the defendants failed to raise it, but because the defendants affirmatively and expressly stated that they did not have any affirmative defenses. (Dkt. 76-1.)

So, truth be told, this was not just a forfeiture; it was a knowing, intelligent, and voluntary waiver. *Cf. United States v. Young*, 908 F.3d 241, 246–47 (7th Cir. 2018) (illustrating the difference between forfeiture and waiver). To date, the defendants have not excused their conduct in any way, which is especially egregious considering bona fide error has been available to them since day one. Furthermore, that omission matters: Speights-Carnegie has never been on notice of this defense and she needs an opportunity to contest it. *See Bell v. Taylor*, 827 F.3d 699, 705 (7th Cir. 2016).

At best, the defendants whiffed; at worst, they acted in bad faith and engaged in gamesmanship, deception, and misrepresentation. Because Rule 8(c) is not a dead letter, the Court rebukes the defendants' attempts to invoke defenses at the eleventh hour and grants the part of Speight-Carnegie's motion to clarify and reconsider (Dkt. 75) previously taken under advisement. Accordingly, the Court prohibits the defendants from raising their defense of bona fide error at the 3/7/2019 damages hearing.

Virginia M. Kendall
United States District Judge

Date: January 30, 2019